UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATO INSTITUTE,<br><br>    *Plaintiff,*<br><br> v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>    *Defendant.* | Civil Action No. 24-1238 (CJN) |

## **ANSWER**

Defendant, the United States Department of State ("Department of State" or "Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint for Declaratory and Injunctive Relief (ECF No. 1, "Complaint") filed by Plaintiff Cato Institute ("Plaintiff"). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### **RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT**

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows:

1. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent that a response is deemed required, Defendant admits that as of the date of Plaintiff's Complaint, it has not issued a final response to Plaintiff's FOIA request, produced any non-exempt records that are responsive to Plaintiff's FOIA request, indicated when such records will be produced, if they exist, or notified Plaintiff as to whether any responsive records are exempt from production under the FOIA.

## PARTIES[1]

2. Defendant admits that the Cato Institute is the FOIA requester in this matter. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

3. Defendant admits it is a federal agency subject to the FOIA.

## JURISDICTION AND VENUE

4. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

5. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district for a properly stated FOIA claim.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

**JULY 19, 2023 REQUEST TO STATE**

6. Defendant admits that it received a FOIA request from Plaintiff on July 19, 2024. Defendant respectfully refers the Court to the referenced record as the best evidence of its contents and denies any allegation inconsistent therewith.

7. Defendant admits that Exhibit 1 to the Complaint is the FOIA request that Defendant received.

8. Defendant admits that, on July 19, 2023, it confirmed receipt of the Plaintiff's FOIA request and assigned it request number F-2023-11053.

9. Defendant admits that it confirmed receipt of Plaintiff's FOIA Request and assigned FOIA request Case Control Number F-2024-04909 via email labeled Exhibit 2. Defendant admits that it sent Plaintiff a formal acknowledgement letter via email dated November 16, 2023.

10. Defendant admits that it received the February 27, 2024 request for an estimated date of completion.

11. Defendant admits that Exhibit 3 to the Complaint is the February 27, 2024 request that Defendant received.

12. Defendant admits having received correspondence on March 13, 2024, following up on Plaintiff's request for an estimated date of completion, and avers that the correspondence is the best evidence of its contents and denies all allegations inconsistent therewith.

13. Defendant admits having responded to Plaintiff's March 13, 2024 correspondence on the same date and avers that the correspondence is the best evidence of its contents and denies all allegations inconsistent therewith.

14. Defendant admits having provided an estimated date of completion to the Plaintiff on March 15, 2024, and avers that the correspondence is the best evidence of its contents and denies any allegations inconsistent therewith.

15. Defendant admits that it has not had any additional correspondence with Plaintiff regarding the request.

16. Defendant admits that as of the date of Plaintiff's Complaint, it has not issued a final response to Plaintiff's FOIA request.

17. Defendant admits that as of the date of Plaintiff's Complaint, it has not produced any non-exempt records that are responsive to Plaintiff's FOIA request, indicated when such records will be produced, if they exist, or notified Plaintiff as to whether any responsive records are exempt from production under the FOIA.

18. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20. This paragraph contains Plaintiff's opinions regarding the purpose for which it seeks the records at issue in its FOIA request, to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

## COUNT I

21. Defendant realleges and incorporates by reference all the preceding paragraphs of this Answer as if fully stated herein.

22. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff's request was properly submitted according to the Defendant's FOIA Regulations.

23. Defendant admits it is a federal agency subject to the FOIA.

24. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

25. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

26. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that as of the date of Plaintiff's Complaint, it has not issued a final response to Plaintiff's FOIA request and otherwise denies the allegations in this paragraph.

27. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that as of the date of Plaintiff's Complaint, it has not produced any non-exempt records that are responsive to Plaintiff's FOIA request, indicated when such records will be produced, if they exist, or notified Plaintiff as to whether any responsive records are exempt from production under the FOIA.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's requested relief, to which no responses are required. Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552, as amended.

## SECOND DEFENSE

Plaintiff is not entitled to compel the release of records exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees and costs in this action.

**FOURTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under the FOIA.

**FIFTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

\* \* \*

Dated: June 3, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/ *Sian Jones*
    SIAN JONES, D.C. Bar # 1024062
    Assistant United States Attorney
    601 D St., N.W.
    Washington, D.C. 20530
    Phone: (202) 252-2578
    Email: Sian.Jones@usdoj.gov

*Attorneys for the United States of America*